# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MILTON RODGERS-CASTILLO, *et al.* | Case No. 1:25-cv-00304-BAM (PC) |
| Plaintiffs, | ORDER TO SEVER ACTION |
| v. | SCREENING ORDER GRANTING PLAINTIFFS LEAVE TO FILE FIRST AMENDED COMPLAINTS IN SEPARATE ACTIONS |
| ALLEN, *et al.*, | |
| Defendants. | **THIRTY (30) DAY DEADLINE** |

**I.     Introduction**

Plaintiffs Milton Rodgers-Castillo, a former state prisoner, and Manuel Rodgers-Castillo, a current state prisoner (collectively, "Plaintiffs"), are proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiffs initiated this joint action on March 12, 2025.  (ECF No. 1.)  In preparing to screen the complaint, the Court noted that Plaintiff Manuel Rodgers-Castillo filed a notice of change of address indicating that he had been transferred to Salinas Valley State Prison, while Plaintiff Milton Rodgers-Castillo remained housed at Kern Valley State Prison.  (ECF No. 15.)  On April 21, 2025, the Court received a notice of change of address indicating that Plaintiff Milton Rodgers-Castillo had been released from custody and providing an updated out-of-custody address for service.  (ECF No. 19.)

///

Based on this information, the Court issued an order for Plaintiffs to show cause why this action should not be severed pursuant to Federal Rule of Civil Procedure 21. (ECF No. 18.) Plaintiff Manuel Rodgers-Castillo's response was due on or before May 5, 2025, and Plaintiff Milton Rodgers-Castillo was granted an extension of time to file a response on or before May 21, 2025. (ECF No. 21.)

## II.    Severance of Action and Screening of Complaint

Currently before the Court is a response to the order to show cause, purportedly filed jointly by Plaintiffs on May 19, 2025. (ECF No. 22.) In the response, Plaintiffs argue that the complaint involves both parties, who are legal spouses and presumed to have correctly joined in a lawsuit together. All the supporting merits, evidence, and the complaint support that both parties are necessary for a complete and final decision on the question involved in the proceeding. Plaintiffs cite to Federal Rule of Civil Procedure 13 and argue that Plaintiffs' right to relief involve the same act or transaction or series of acts or transactions. Both Plaintiffs believe that there will be no ongoing difficulties in regards to their different mailing addresses. Plaintiffs request that the Court review and screen the complaint, which will support a joint action. The filing appears to be signed and dated May 2, 2025 by Plaintiff Manuel Rodgers-Castillo and signed and dated May 5, 2025 by Milton Rodgers-Castillo. The filing includes a proof of service by mail dated May 11, 2025, from a residential address in Chula Vista, California. (*Id.*)

After a review of the May 19, 2025 response and the complaint, the Court has determined that each plaintiff should proceed separately on their own claim. The Federal Rules of Civil Procedure provide that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party. The Court may also sever any claim against a party." Fed. R. Civ. P. 21. Courts have broad discretion regarding severance. *See Davis v. Mason Cty.*, 927 F.2d 1473, 1479 (9th Cir. 1991).

As noted in the Court's order to show cause why this action should not be severed, in this Court's experience, an action brought by multiple inmate plaintiffs proceeding *pro se* presents procedural problems that cause delay and confusion. In the instant action, Plaintiff Milton Rodgers-Castillo has now been released from custody, while Plaintiff Manuel Rodgers-Castillo

1 remains in custody, which only exacerbates the typical problems faced by multiple in-custody
2 plaintiffs, or in this case, an in-custody plaintiff and an out-of-custody plaintiff.

3     Plaintiffs' response to the order to show cause itself reveals some of the issues that will
4 arise if this case proceeds as a joint action.  Despite the Court's explicit warning that any filings
5 submitted on behalf of both Plaintiffs must include the actual signatures of both Plaintiffs, (ECF
6 No. 12, p. 2), it appears Plaintiff Milton Rodgers-Castillo has signed on behalf of Plaintiff Manuel
7 Rodgers-Castillo.  (ECF No. 22, p. 2.)  Plaintiffs are both proceeding without counsel in this
8 action, and the Federal Rules of Civil Procedure and the Court's Local Rules do not permit
9 unrepresented parties to sign on behalf of other unrepresented parties.  *See* Fed. R. Civ. P. 11(a);
10 Local Rule 131(b).

11     The Court also warned Plaintiffs that even though Plaintiff Milton Rodgers-Castillo
12 received an extension of time until May 21, 2025, Plaintiff Manuel Rodgers-Castillo's response to
13 the order to show cause remained due on or before May 5, 2025, subject to the prison mailbox
14 rule.  (ECF No. 21, p. 3.)  Even assuming the authenticity of Plaintiff Manuel Rodgers-Castillo's
15 May 2, 2025 signature on Plaintiffs' response, the attached proof of service indicates that the
16 response was not mailed until May 11, 2025, from an out-of-custody address.  As there is no
17 indication that the filing was delivered by Plaintiff Manuel Rodgers-Castillo to prison authorities
18 for mailing to the Court, the response from Plaintiff Manuel Rodgers-Castillo does not receive the
19 benefit of the prison mailbox rule and is therefore untimely.

20     Going forward, Plaintiffs are further reminded that while Plaintiff Manuel Rodgers-
21 Castillo will continue to receive the benefit of the prison mailbox rule, the prison mailbox rule
22 will not apply to filings submitted by Plaintiff Milton Rodgers-Castillo.  This is yet another
23 example of the potential delay and confusion faced by the parties and the Court, as each Plaintiff
24 will be subject to different rules for any deadline imposed by the Court's orders.  As noted above,
25 even if Plaintiffs intended to continue attempting to file papers jointly, Plaintiffs **cannnot** sign
26 filings on behalf of each other.  Plaintiffs must either file responses separately, with their own
27 handwritten signature, or if they attempt to mail their responses to each other for signature before
28 then filing them with the Court their responses would be delayed.

3

Finally, the Court is not persuaded by Plaintiffs' conclusory argument that the complaint supports a joint action or that Plaintiffs raise claims arising from the same transaction or series of transactions. Most importantly, the complaint as currently drafted makes it impossible for the Court to decipher which claims or factual allegations apply to which Plaintiff. While some portions of the complaint raise allegations as to Plaintiffs jointly, large portions refer to only a single Plaintiff, without ever specifying if those claims or allegations are related to Plaintiff Milton Rodgers-Castillo or Plaintiff Manuel Rodgers-Castillo. For example, the complaint states in part:

> On these ICC hearings days the Previously Mention defendants Offended my intelligence by denying me to Present written defense or Constantly Interrupting Plaintiff Verbal defense to the stated reason and circumstance for R.H.U. during classification hearing. It's my belief it was committee Members intentionally intimidating Plaintiff to shut up, during these hearings They Never Record on the Record what's really transpiring. None of my Protest Against being Release to "C" or "d" yard of Facility "d" or "C."

(ECF No. 1, p. 4 (unedited text).) In other parts of the complaint, allegations are attributed to Plaintiff #1—apparently Plaintiff Milton Rodgers-Castillo, (*id.* at 10:8; 11:21.5)—before again referring only to "Plaintiff" or using pronouns like "I, my, or me" without further identification. The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). As currently drafted, the Court cannot determine that there are any claims common to Plaintiffs jointly, or even whether each individual Plaintiff states any cognizable claims supported by the factual allegations presented. Each Plaintiff will be permitted an opportunity to file an individual amended complaint (personally signed by that individual plaintiff) that complies with the Federal Rules of Civil Procedure and the Local Rules.

Accordingly, the Court will order that Plaintiffs' claims be severed. Plaintiff Milton Rodgers-Castillo will proceed in this action, while Plaintiff Manuel Rodgers-Castillo will proceed in a separate civil action to be opened by the Clerk of the Court. Each Plaintiff will proceed with their **own** action and will be solely responsible for filing an amended complaint in their own action.

### III. Conclusion and Order

As discussed above, the Court finds Plaintiffs' complaint fails to state a cognizable claim for relief and that this action shall be severed. As Plaintiffs are proceeding *pro se*, the Court will grant Plaintiffs an opportunity to amend their complaints to cure the identified deficiencies to the extent they are able to do so in good faith. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiffs' amended complaints should be brief, Fed. R. Civ. P. 8(a), but they must state what each named defendant did that led to the deprivation of Plaintiffs' constitutional rights, *Iqbal*, 556 U.S. at 678–79. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted). Additionally, Plaintiffs may not change the nature of their suits by adding new, unrelated claims in their first amended complaints. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). Finally, Plaintiffs are advised that an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiffs' amended complaints must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

**Plaintiffs are warned that they may not submit filings in the other Plaintiff's case, because each Plaintiff will have his own case. Any filings submitted by a non-party to a case may be stricken or returned without filing.**

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1. The claims of Plaintiff Milton Rodgers-Castillo are severed from the claims of Plaintiff Manuel Rodgers-Castillo;
2. Plaintiff Milton Rodgers-Castillo shall proceed as the sole plaintiff in this case;
3. The Clerk of the Court is directed to:
    a. Send Plaintiff Milton Rodgers-Castillo a complaint form;
    b. Open a separate civil action for Plaintiff Manuel Rodgers-Castillo, CDCR #AT-1273, including all docket entries from the instant action;
    c. Assign the new civil action to the undersigned;

///

   d. File and docket a copy of this order in the instant action and the new civil action opened for Plaintiff Manuel Rodgers-Castillo;

   e. Issue: (1) new case documents bearing the new case number assigned to the new individual action; and (2) a civil rights complaint form on Plaintiff Manuel Rodgers-Castillo;

4. Plaintiff Manuel Rodgers-Castillo shall disregard the new case documents issued on March 12, 2025 in Case No. 1:25-cv-00304-BAM, and shall proceed according to the new case documents to be issued in the new case opened pursuant to this order;

5. Within **thirty (30) days** of the date of service of this order, each Plaintiff SHALL FILE an amended complaint (personally signed by that individual plaintiff and including the case number for their own civil action), or a notice of voluntary dismissal; and

6. **No requests for extension of time will be granted without a showing of good cause. A Plaintiff's failure to comply with this order will result in dismissal of that Plaintiff's individual action.**

IT IS SO ORDERED.

   Dated: __May 27, 2025__               /s/ *Barbara A. McAuliffe*
                                        UNITED STATES MAGISTRATE JUDGE

6